IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Jefferson Beauregard Sessions, III, et al.,<br><br>　　　　Defendants. | No. CV-19-00481-TUC-SHR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS** |

Pending before the Court are Plaintiffs' motion for leave to file a First Amended Complaint and Defendants' Motion to Dismiss ("Motion"). (Docs. 37 & 28.) Defendants argue the Court should resolve their Motion before ruling on Plaintiffs' motion, and "concur with Plaintiffs that this Court can apply the pending motion to dismiss and related briefing to the amended complaint" if the Court grants Plaintiffs' motion. (Doc. 38.)

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading "as a matter of course" once, within 21 days of serving it. Other than amendments "as a matter of course," "a party may amend its pleading only with the opposing party's consent or the court's leave." *Id.* "The court should freely give leave when justice so requires." *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

The Court evaluates whether to permit an amendment by weighing: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)

whether plaintiff has previously amended his complaint." *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). Delay alone, is insufficient to justify denial of leave to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Webb*, 655 F.2d at 980; *Hurn v. Ret. Fund Tr. of Plumbing*, 648 F.2d 1252, 1254 (9th Cir.1981).

The Court has considered Plaintiffs' motion for leave to file a First Amended Complaint. Having reviewed the submissions of the parties, it is hereby **ORDERED** that Plaintiffs' motion for leave to file a First Amended Complaint (Doc. 37) is **GRANTED**.

In granting Plaintiffs motion to file a First Amended Complaint which will supersede any previously filed complaints, Defendants' pending Motion is moot as the pending complaint is superseded by any amended complaint. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (it is a "well-established doctrine that an amended pleading supersedes the original pleading . . . after amendment the original pleading no longer performs any function and is treated thereafter as non-existent")[1]; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("an amended pleading supersedes the original"); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

To the extent a new motion to dismiss, response, and reply will be filed as to Plaintiffs' First Amended Complaint, these briefs shall stand on their own, and shall not reference or incorporate previous briefing.

Accordingly,

**IT IS ORDERED** the Plaintiffs' motion for leave to file a First Amended Complaint is **GRANTED** and the First Amended Complaint shall be filed **no later than Friday, September 25, 2020.**

---

[1] Unless otherwise noted by the Court, internal quotes and citations have been omitted when citing case law in this Order.

1     **IT IS FURTHER ORDERED** the Defendants' motion to dismiss is **DENIED**
2 **without prejudice**.
3     Dated this 28th day of August, 2020.

_____
Honorable Scott H. Rash
United States District Judge